UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTURO JOSE TABOADA VALDERRAMA,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-05257-DAD-CSK (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PENDING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 2)

On July 8, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On July 9, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.)

On July 10, 2026, respondent filed its opposition to the pending motion for temporary restraining order. (Doc. No. 6.) Respondent argues that because petitioner stayed in the United States past the expiration of his visa he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). (Doc. No. 6 at 1–3.) Respondent therefore contends that petitioner's motion for temporary restraining order should be denied because he has not exhausted his administrative

remedies by receiving a bond hearing.[1] (*Id.* at 3.) Respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in respondent's opposition. (Doc. No. 4.) Respondent has not stated any such opposition and accordingly the court will rule on the underlying petition.

Based upon a review of the briefing, the court finds the following facts. On May 31, 2019, petitioner entered the United States on a B2 visitor visa with permission to remain in this country until November 29, 2019. (Doc. No. 6-1 at 2.) On May 17, 2026, petitioner encountered state law enforcement at a traffic stop, was arrested by state law enforcement, and was later detained by immigration authorities. (*Id.*) On May 20, 2026, petitioner was provided a notice of custody determination in which he requested an immigration judge review his custody determination. (Doc. No. 6-3 at 1.)

Respondent admits that petitioner is detained pursuant to § 1226(a), and yet "there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a)." *A.E.R.T. v. Wofford*, No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025); *see also id.* at *2 n.1 (collecting cases holding that a noncitizen may not be detained pursuant to 8 U.S.C. § 1226(a) where arrested in the absence of a warrant). Accordingly, "[p]etitioner's immediate release is the appropriate remedy." *Id.*

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Arturo Jose Taboada Valderrama, A-File No. 241-078-056, from respondent's custody

[1] Respondent concedes that petitioner requested a bond hearing on May 20, 2026, the same day that he was detained. (Doc. No. 6 at 1.) Respondent represents that it "followed up with" the Executive Office for Immigration Review regarding the scheduling of that bond hearing "once notified of the instant petition and a bond hearing has [now] been scheduled for July 17, 2026." (*Id.*) It is troubling that respondent had not scheduled a bond hearing, which it concedes petitioner is entitled to under the law, until he had filed the instant petition seeking habeas relief with this court.

on the conditions, if any, he was subject to prior to his detention on May 20, 2026;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his habeas petition;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **July 16, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE